### REFORMATION OF MORTGAGE.

[Circuit Court of Hamilton County.]

GERMAN NATIONAL BANK v. BODE, GUARDIAN.

Decided, December 5, 1902.

*Mortgage—Description in, Will Not Be Reformed—If to the Prejudice of Creditors Without Notice—Can be Had on Cross-petition, When.*

1. A mistake in the description of property covered by a mortgage will not be reformed as against innocent creditors without knowledge because as to them such reformation would be the creation of a practically new mortgage, and especially not as against specific property on the faith of which the unsuspecting creditors were induced to extend credit.

2. If a revivor be necessary in a case where a court of equity has acquired jurisdiction over property for the purpose of adjusting a lien upon it, it can be had as well on cross-petition as by an original action for that purpose.

PER CURIAM.

Two cases are here decided—German National Bank v. Bode, guardian; and Bode, guardian, v. Ruehrwein.

The case of *Strang* v. *Beach*, 11 Ohio St., 283, 286, is so different in one of its essential features from the case at bar, that it is not an authority sustaining the judgment of the court below. Brinkerhoff, C. J., in *Strang* v. *Beach*, says:

"The cross-petition alleges, and the demurrer admits, the fact of mistake, and that the plaintiff, at the time he caused his attachment to be issued, had knowledge of the mistake, and of all Beach's rights in the land. The fact of mistake and the fact of notice are admitted by the demurrer."

In the finding of facts by the court below in the case at bar the court expressly finds that the German National Bank had no knowledge of any mistake until the filing of the petition herein; that the credit was originally extended on the faith of this property being unencumbered, and that after the execution and recording of the mortgage mistakenly describing lot 239, the loan by the bank was renewed on the continued faith of lot 240 being free of encumbrance. *Strang* v. *Beach, supra,* says that the mistake in the mortgage will be corrected as against attaching creditors and judgment creditors of the mortgagor and purchasers under them *with notice of such mistake.*

The case of *Adams* v. *Stutzman,* 7 Am. Law Rec., 76, is an odd case, decided by the Common Pleas Court of Holmes County and sustained on appeal to the district court. It seems very much in point and well considered, yet is not a controlling authority on this court. It will bear analysis and can be so distinguished from the case at bar that we are not called upon to question it.

In that case the description was so defective that it failed to identify any land whatever. The defect was so glaring as to put a diligent creditor on the alert. In the case at bar the mortgage was duly executed and recorded, sufficiently describing an existing piece of property of the mortgage. The more searching the examination of the diligent creditor the more apt was he to be misled.

While the court in *Adams* v. *Stutzman, supra,* boldly says that notice is immaterial, yet it covers itself against possible error on this point in the latter part of the opinion, where it

finds that facts existed of record sufficient to bring home notice both of an equitable mortgage and the mistake.

If a defectively executed mortgage will not be reformed as against attachment or judgment creditors with notice (*Bloom* v. *Noggle,* 4 Ohio St., 45; *Erwin* v. *Shuey,* 8 Ohio St., 509, 510), because of the policy of the law to avoid all vexed questions of notice actual or constructive in determining priorities, *a fortiori,* a description ought not to be reformed as against innocent and ignorant creditors, because as to them it is practically the creation of a new mortgage, and especially not as against specific property, on the faith of the freedom of which the unsuspecting creditor was induced to extend credit.

Judgment on this branch reversed.

Having decided the above, the error complained of in No. 3644 as to the adjustment and payment of taxes becomes immaterial to Bode, guardian, plaintiff in error.    We are, however, of opinion that the court below was right in this regard.    A court of equity having acquired jurisdiction over this property with the attachment lien upon it, the property being in chancery for the adjustment of this particular lien, a revivor may not have been necessary, but if it was, it certainly could be had as well on cross-petition as by an original action for that purpose.

*A. H. Bode,* for Bode, guardian.

*Stephens & Lincoln,* for German National Bank.